UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BANK OF AMERICA, N.A.,

                          Plaintiff,

        v.

AIRBORNE, INC. and JOHN H. DOW,

                          Defendants.

_____

<u>DECISION & ORDER</u>

15-CV-6451P

         On August 3, 2015, plaintiff Bank of America, N.A. ("BOA") commenced this action against defendants Airborne, Inc. ("Airborne") and John H. Dow ("Dow"), alleging that they had defaulted on several agreements with BOA.  (Docket # 1).  Currently before the Court is BOA's unopposed motion for summary judgment.  (Docket # 31).  For the following reasons, the motion is granted.

## FACTUAL BACKGROUND

         The following facts are undisputed.[1]  On May 21, 2014, Airborne entered into a Commercial Card Account Agreement with FIA Card Services, N.A. ("FIA"); BOA, as successor by merger to FIA, has been assigned all rights and obligations of FIA under the Commercial Card Account Agreement and is the current holder of the Commercial Card Account Agreement.  (Docket # 31-2 at ¶¶ 1-3).  Pursuant to that agreement, BOA agreed to

---

[1] In compliance with Rule 56(a)(1) of the Local Rules of Civil Procedure for the Western District of New York, BOA filed a Statement of Material Undisputed Facts with their motion for summary judgment.  (Docket # 31-2).  Defendants have not filed an opposing statement, and the Court thus considers BOA's Rule 56 Statement undisputed.  *See* W.D.N.Y. L.R. Civ. P. 56(a)(2) ("[e]ach numbered paragraph in the moving party's statement of material facts may be deemed admitted for the purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement").

provide Airborne with a commercial card account with a maximum credit limit of $1,500,000 and to deliver a monthly billing statement to Airborne, which Airborne agreed to pay in full on or before the due date.  (*Id.* at ¶¶ 4-5).  The agreement also permitted BOA to assess late fees, finance charges, and other fees in the event Airborne failed to make a timely payment.  (*Id.* at ¶ 7).  The agreement also authorized BOA to suspend or terminate the agreement in the event Airborne failed to make a payment and granted BOA a security interest and contractual right to setoff in all deposits maintained by Airborne with BOA in the event of default.  (*Id.* at ¶¶ 8-9).

On October 16, 2014, BOA and Airborne entered into another agreement, the LOC Loan Agreement, pursuant to which BOA agreed to extend a $1,250,000 line of credit to Airborne until June 30, 2015, at which time Airborne would be required to repay the principal, interest, and any charges due.  (*Id.* at ¶ 10).  The LOC Loan Agreement further provided that in the event of default, BOA was entitled to terminate the agreement, declare all sums outstanding under the agreement to become immediately due and payable, charge interest at the default rate of six percent over the existing rate of interest on the loan, and take any other actions available to BOA.  (*Id.* at ¶¶ 11-13).  The agreement further provided that Airborne's failure to make a payment or a default under any other agreement with BOA would constitute a default of the LOC Loan Agreement.  (*Id.* at ¶ 11).

On the same date, October 16, 2014, Airborne executed the Airborne Security Agreement, which granted BOA a first priority blanket security interest on all assets of Airborne as collateral security for prompt and complete payment and performance of all of Airborne's debts, obligations, and liabilities to BOA.  (*Id.* at ¶¶ 14-15).  That same day, as additional collateral security for the repayment of Airborne's obligations, Dow executed a Continuing and Unconditional Guaranty in favor of BOA.  (*Id.* at ¶ 17).  Pursuant to the Guaranty, Dow

unconditionally guaranteed the payment to or performance of Airborne's obligations to BOA when due, including any attorneys' fees and costs incurred by BOA in connection with efforts to collect amounts owed under the various agreements.  (*Id.*).

Airborne defaulted under the Commercial Card Account Agreement by repeatedly failing to pay the billing statement amounts in full.  (*Id.* at ¶ 20).  This default also constituted a default under the LOC Loan Agreement.  (*Id.* at ¶ 21).  BOA notified Airborne of the defaults through notices dated April 3, 2015, and May 20, 2015.  (*Id.* at ¶ 22).  Airborne also defaulted under the LOC Loan Agreement by selling some of its assets to Merchant Cash and Capital, LLC ("Merchant") and granting Merchant a security interest in certain of Airborne's assets.  (*Id.* at ¶ 23).

Based upon the defaults and the corresponding acceleration of outstanding balances, on June 4, 2015, BOA demanded the assembly and turnover of collateral by June 12, 2015.  (*Id.* at ¶ 24).  Despite the written notices and demand for payment, neither Airborne nor Dow paid the balance due or turned over the collateral.  (*Id.* at ¶ 28).

On August 3, 2015, Airborne filed the instant Complaint, asserting causes of action for breach of contract, foreclosure, replevin, conversion, unjust enrichment, and breach of guaranty.  (Docket # 1).  On April 29, 2016, BOA filed the pending motion seeking partial summary judgment as to defendants' liability on three of the causes of action.[2]  Specifically, BOA seeks judgment against Airborne on the first and second causes of action for breach of contract based upon Airborne's breach of the Commercial Card Account Agreement and the LOC Loan Agreement.  (Docket # 31-1 at 3).  BOA also seeks summary judgment against Dow on its eighth cause of action for breach of the Guaranty Agreement.  (*Id.*).  Finally, BOA seeks

---

[2]  Counsel for BOA confirmed during oral argument on December 20, 2016, that BOA sought summary judgment as to liability only on the first, second, and eighth causes of action contained in the complaint.  (Various of BOA's moving papers erroneously refer to the third claim in the complaint, rather than the Eighth.)

an order striking defendants' demand for a jury trial on the grounds that the defendants waived

their right to a jury trial.  (*Id.* at 10).

Despite motion scheduling orders setting deadlines for a response to the motion

(Docket ## 32, 37), defendants have not opposed the motion for summary judgment.  Indeed, at

oral argument on December 20, 2016, counsel for defendants confirmed that defendants were not

opposed to judgment being entered on the first, second, and eighth causes of action.

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  In reaching this determination, the court must assess whether there are any

disputed material facts and, in so doing, must resolve all ambiguities and draw all reasonable

inferences against the moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49

(1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166-67 (2d Cir. 1991).  A

fact is "material" only if it has some effect on the outcome of the suit.  *Anderson v. Liberty

Lobby, Inc.*, 477 U.S. at 248; *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir.

2000).  A dispute regarding a material fact is genuine "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248; *see also

Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d at 97.

The moving party bears the initial burden of demonstrating the absence of a

genuine issue of material fact, after which the non-moving party must come forward with

sufficient evidence to support a jury verdict in its favor; the motion will not be defeated based

upon conjecture, surmise or the existence of "metaphysical doubt" concerning the facts.  *Bryant*

*v. Maffucci*, 923 F.2d 979, 982 (2d Cir.) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), *cert. denied*, 502 U.S. 849 (1991).  The party seeking to avoid summary judgment "must do more than make broad factual allegations and invoke the appropriate statute.  The [party] must also show, by affidavits or as otherwise provided in Rule 56 . . . , that there are specific factual issues that can only be resolved at trial."  *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *see also Driscoll v. Townsend*, 60 F. Supp. 2d 78, 80 (W.D.N.Y. 1999).

> As the Second Circuit has explained:

> [T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them.  Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution. . . . [I]t must be kept in mind that only by reference to the substantive law can it be determined whether a disputed fact is material to the resolution of the dispute.

*Gallo v. Prudential Residential Serv., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

A party's failure to oppose a summary judgment motion, standing alone, is not sufficient to warrant granting the motion; rather, the court must "still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law."  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).  Thus, in evaluating a motion for summary judgment, the court "must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law."  *Id.* at 246 (internal quotations omitted).

1.      **Claims for Breach of Contract and Guaranty**

"Under New York law, the elements of a breach of contract claim are the existence of a contract, the plaintiff's performance thereunder, the defendant's breach thereof, and resulting damages."[3]  *VW Credit, Inc. v. Big Apple Volkswagen, LLC*, 2012 WL 919386, *3 (S.D.N.Y. 2012) (internal quotations omitted).  In this case, the existence of the Commercial Card Account Agreement and the LOC Loan Agreement are undisputed.  BOA has submitted executed copies of the various agreements, and defendants have not disputed the authenticity of the agreements, nor have they asserted that BOA has failed to perform under the agreements. Further, BOA has submitted a statement of material facts outlining the various ways in which Airborne has defaulted on their obligations under the agreements.  (Docket # 31-2 at ¶¶ 20-28). Airborne has failed to submit any counter-statement of facts and has not disputed, in connection with this motion, that they defaulted under each of the agreements.  Finally, although the amount of damages has yet to be established, no dispute exists that BOA has suffered economic damage as a result of the breaches.  Accordingly, I conclude that BOA has established that there is no genuine dispute that Airborne breached the Commercial Card Account Agreement and the LOC Loan agreement and is therefore entitled to summary judgment as to Airborne's liability on the first and second causes of action for breach of contract.

In order to establish Dow's liability, BOA must establish that Dow agreed to guarantee the obligations of Airborne pursuant to the Guaranty Agreement.  *See VW Credit, Inc. v. Big Apple Volkswagen, LLC*, 2012 WL 919386 at *4.  "Under New York law, '[a] guaranty must be construed in the strictest manner.'"  *See id.* (quoting *Davimos v. Halle*, 35 A.D.3d 270,

---

[3] The law is well-settled that in cases arising under diversity jurisdiction, the court must apply federal procedural law and the substantive law of the state in which it sits.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Thus, in this matter, the Court must apply New York's choice of law rules.  *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 626 (2d Cir. 1998) (citing *Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 108-09 (1945) and *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)), *cert. denied*, 526 U.S. 1065 (1999).  BOA relies upon New York law in its submissions; Airborne does not contest its applicability.

272 (N.Y. App. Div. 2006)).  To establish entitlement to summary judgment enforcing an

unconditional guaranty, "the creditor must prove the existence of the guaranty, the underlying

debt and the guarantor's failure to perform under the guaranty."  *Id.* (quotations omitted).

        BOA has established that there are no material issues of fact as to each of these

elements.  As discussed above, BOA has established the underlying debt by demonstrating that

Airborne is in default under both the Commercial Card Account Agreement and the LOC Loan

Agreement.  Further, BOA has established that Dow failed to perform under the Guaranty

Agreement because BOA has not been repaid by either Airborne or Dow the amounts due under

the loan agreements.  Further, construing the Guaranty Agreement in the strictest manner, the

terms of the agreement plainly render Dow the guarantor of Airborne's debts.  Indeed, Dow

executed the Guaranty Agreement as the guarantor, and the agreement provided that Dow

"unconditionally guarantees and promises to pay promptly to [BOA] . . . any and all

indebtedness of [Airborne]."  (Docket # 31-3 at Exhibit A.4).  Accordingly, the Guaranty

Agreement must be construed as "an absolute commitment by [Dow] to be held . . . liable for

[Airborne's] debts to [BOA]."  *See VW Credit, Inc.*, 2012 WL 919386 at *4.

        As discussed above, BOA has established its prima facie entitlement to summary

judgment as to liability on its breach of guaranty claim against Dow as the guarantor of

Airborne.  Because Dow has failed to oppose BOA's motion for summary judgment, he has

failed to demonstrate "that there are specific factual issues that can only be resolved at trial."

*Colon v. Coughlin*, 58 F.3d at 872.  Accordingly, summary judgment in favor of BOA on

liability as to its claims for breach of guaranty against Dow is warranted.

        Although liability on the first, second, and eighth causes of action is resolved by

this holding, the issue of damages is not raised by the pending motion.  On January 4, 2017,

plaintiff filed affidavits establishing its calculation of the amounts due.  (Docket # 40).

**Defendants are directed to respond to plaintiff's submission on or before February 14, 2017.**

### 2.     Demand for Jury Trial

BOA also seeks an order striking defendants' demand for a jury trial contained in their Answers.  (Docket ## 12 at 8; 31-1 at 10).  BOA maintains that the parties' agreements contain provisions reflecting the parties' waiver of their right to a jury trial.  (Docket # 31-1 at 10).  In support of this contention, however, BOA cites only provisions in the Airborne Security Agreement and the Guaranty Agreement.  Although parties may waive their right to a jury trial and "New York courts have consistently upheld jury trial waiver provisions in guarantee agreements[,]" *See Nat'l Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 667 (S.D.N.Y. 1991), *aff'd sub nom. Yaeger v. Nat'l Westminster*, 962 F.2d 1 (2d Cir. 1992), the record before the Court does not establish that defendants have waived their rights to a jury trial with respect to each of the agreements at issue.  Specifically, BOA has not demonstrated that either the Commercial Card Account Agreement or the LOC Loan Agreement contain jury waiver provisions.  On this record, and in the absence of additional information, the Court declines to strike defendants' demand for a jury trial.

In an email dated December 21, 2016, counsel for defendants provided comments to the proposed order on the motion submitted by plaintiff's counsel.  It is unclear whether defendants want a jury or non-jury resolution of damages and plaintiff's remaining claims.

**Defendants are directed to notify the Court on or before February 14, 2017 as to their position on that issue.**

## <u>CONCLUSION</u>

For the foregoing reasons, BOA's motion for partial summary judgment (**Docket # 31**) is **GRANTED**.  Specifically, BOA is entitled to judgment as to liability on its First and Second causes of action against Airborne and on its Eighth cause of action against Dow.  BOA's request to strike defendants' jury demand (**Docket # 31**) is **DENIED without prejudice**.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
January 24, 2017